MATTHEWS et al. *v.* GLINES et al.

NEW TRIAL — *sufficiency of evidence to support verdict.* Where the evidence is conflicting, and the question is upon the credibility of the witnesses, a new trial will not be granted.

*Error to Probate Court, Arapahoe County.*

ASSUMPSIT for work, labor and services rendered.

At the trial, the plaintiff, E. A. Reser, testified that plaintiffs were real estate agents, and that Glines, one of the defendants, applied to him to sell a brick house and lots, on which the same was located, at the price of $7,000; that there was nothing said as to the commission to be charged for making such sale; that the customary charge was five per cent up to $3,000, and three per cent on all sums above $3,000; that he had several conversations with one B about the property, and that he advised B to purchase it, and that B did purchase it.

E. G. Matthews, one of the plaintiffs, testified that he had several conversations with B about the property; that, upon one occasion, B told witness that defendants had reduced the price to $6,500, and that B said that he would take the property at that price. Witness subsequently told defendant Glines that B would take the property at the price

named ; that Glines then said he could not have it at that price.  Glines came to plaintiffs' office a few minutes afterward and told plaintiffs to make the sale at $6,500.  Witness did not remember that he said any thing further to B. Witness testified that the customary rate for selling city property was five per cent on the first $3,000, three per cent over $3,000 up to $8,000, and two per cent on all over $8,000. Dr. J. F. Bancroft testified : That he had several conversations with plaintiffs, and with one Hyatt Hussey, about the property, and that he negotiated the purchase of the property with Hussey.  Plaintiffs also proved a conveyance, made by defendants, to George A. Jarvis, for the property in question, which conveyance was so made by direction of Dr. Bancroft.

George Glines, one of the defendants, testified that he never had any conversation with Matthews in regard to the property ; that Matthews said to him at one time, that he was a member of the firm of Matthews & Reser, and that he had been trying to sell the property in question to Dr. B. ; that witness subsequently called at Matthews & Reser's office, and told them if Dr. B. came there, to tell him the property was not for sale, and that he could not have it. Witness further testified, that Reser once asked him if he had sold the Tom Smith property ; he said Dr. B. had been bothering them about it a good deal ; he said, What do you ask for it !  I told him we asked $7,000 ; he said, I don't think he will give that ; I said, all right, he can't have it for any less.  Witness afterward asked Reser who authorized him to sell the property ; he said Mr. Hussey ; witness said that was all right ; any thing Mr. Hussey does is all right ; after the property was sold, Reser came into witness' office and said, ain't you going to allow us some commissions on that sale up there ?  Witness said, what sale ? he said, the Tom Smith property.  Witness told him, I did not authorize you to sell that property ; Reser said Mr. Hussey did ; witness said, all right, go to Hussey and collect commissions of him ; witness told him that he, witness, did not owe him any thing ; witness further testi-

fied that he never employed the plaintiffs to sell the property.

Hyatt Hussey testified as follows: I was the party that sold the property described in the deed; Mr. Reser came to me one day and said he had sold the property, along about the middle of March, and told me the property was sold; I asked him who gave him the property for sale; he told me Mr. Glines; I then asked him the terms of sale; he told me the property was sold for $7,000 to Dr. Bancroft, and that Dr. B. would come to the office and let me know to whom to draw the deed; about an hour afterward, Dr. B. came to the office and positively refused to take the property at $7,000, but offered $6,800, which I declined; we had conversation on the subject two or three times a week, and some three weeks after that the sale was finally made.

The court found for the defendants.

Messrs. Brown & Putnam, for plaintiffs in error.

Mr. M. Benedict and Mr. John F. Bostwick, for defendants in error.

Per Curiam. This case must be governed by the principle of *Murphy* v. *Cunningham, ante* 467.

The only error complained of is, that the judgment should have been for the plaintiffs and not for the defendants, as by the record appears.

The evidence was conflicting, and whether judgment should have gone for the plaintiffs, or against them, depends upon whether credit was due to the witnesses called for them, or to those who were called for their adversary. The judge who presided below, and before whom the issue was tried without a jury, gave credit to the letter, and it does not lie with us to review his action in this regard.

The judgment is affirmed, with costs.

*Affirmed.*